2012 WY 83

**Roman Iranton VANCE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0275.

Supreme Court of Wyoming.

June 14, 2012.

Representing Appellant: Diane Lozano, State Public Defender; Tina Olson, Appellate Counsel; and Eric M. Alden, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Ryan T. Schelhaas, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1]   After entering a conditional plea to one count of felony child abuse, Roman Vance (Vance) reserved his right to challenge the denial of his motion to dismiss, which was premised on grounds of constitutional speedy trial.  On appeal, Vance claims that a six and one-half year delay between charging and arrest raised a presumption of prejudice that the State did not persuasively rebut.  We agree, and reverse.

## ISSUE

[¶ 2]   Was Vance denied his constitutional right to speedy trial?

## FACTS

[¶ 3]   On July 12, 2004, Vance was charged with one count of felony child abuse after he allegedly struck a 12–year–old boy in the eye.  An arrest warrant issued on July 19, 2004.

[¶ 4]   Sometime after that warrant issued, Vance moved to Idaho.  There, he was ar-

rested on separate charges, convicted and ultimately committed to the Idaho Department of Corrections until he was released on parole September 4, 2007. Vance completed his time on parole successfully and was discharged on October 12, 2010. Despite his time in the Idaho prison system, checks with the National Crime Investigation Computer (NCIC) did not reveal any outstanding warrant from Wyoming. This was due to the fact that the Sweetwater County arrest warrant had never been entered into the NCIC system.

[¶ 5]   Over six years later, around September 2010, the Sweetwater County Sheriff's Office compiled a "top ten" list of the county's most wanted fugitives and included Vance on the list. The sheriff's office discovered that Vance's arrest warrant had never been entered into the NCIC system and immediately rectified the problem. On February 16, 2011, Vance was arrested in Boise, Idaho and transported to Sweetwater County, Wyoming to face the six-year-old Wyoming charge.

[¶ 6]   Prior to trial, which was scheduled for August 9, 2011, Vance filed a speedy trial demand as well as a motion to dismiss based upon speedy trial grounds. The district court denied Vance's motion to dismiss and one day prior to trial, Vance entered a conditional "no contest" plea, reserving his right to challenge the denial of the motion to dismiss. The court imposed a sentence of 2 to 4 years, suspended in favor of two years supervised probation. This appeal followed.

## STANDARD OF REVIEW

[¶ 7]   We have repeatedly stated that we review *de novo* the constitutional question as to whether or not an appellant was denied his right to speedy trial. *Humphrey v. State*, 2008 WY 67, ¶ 18, 185 P.3d 1236, 1243 (Wyo.2008). Furthermore, we review the district court's factual findings for clear error. *Id.*

## DISCUSSION

[¶ 8]   The Sixth Amendment to the United States Constitution guarantees that the accused shall enjoy the right to a speedy and public trial. *Warner v. State*, 2001 WY 67, ¶ 10, 28 P.3d 21, 26 (Wyo.2001). When asked to review an alleged speedy trial violation, we have employed the following test many times:

In deciding whether a defendant has been denied a speedy trial, courts must balance 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right; and 4) the prejudice to the defendant. *Campbell v. State*, 999 P.2d 649, 655 (Wyo.2000); *Barker v. Wingo*, 407 U.S. 514, 530, 533, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). None of these factors alone is sufficient to establish a speedy trial violation, "rather they are related factors and must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193. "The determinative dynamic in our inquiry is whether the delay in bringing the accused to trial was unreasonable, that is, whether it substantially impaired the right of the accused to a fair trial." *Wehr v. State*, 841 P.2d 104, 112 (Wyo.1992). When a speedy trial violation is found to have occurred, the charges must be dismissed. *Barker*, 407 U.S. at 522, 92 S.Ct. at 2188.

*Id.; see also Kurtenbach v. State*, 2008 WY 109, ¶ 6, 192 P.3d 973, 975–76 (Wyo.2008).

[¶ 9]   Vance contends that he was denied his constitutional right to a speedy trial. In addressing the four-factor test from *Barker v. Wingo*, 407 U.S. 514, 530, 533, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972), he contends first that a six-year, seven-month delay from filing the information to his arrest creates a presumption of prejudice that requires inquiry into other factors. Second, with respect to the reasons for the delay, Vance notes that the district court found that the delay was the result of governmental negligence in failing to enter the 2004 arrest warrant into the NCIC system for six years. Third, regarding whether Vance asserted the right to speedy trial he notes that, not only did he file a demand, he also complained about the delay at his arraignment. Fourth and finally, as to prejudice, Vance concedes that the pre-arrest delay did not extend his period of pre-trial confinement or magnify

his pretrial anxiety. However, Vance believes that the district court failed to consider presumed prejudice and, thus, all four factors weigh in his favor.

[¶ 10] In response, the State contends that the district court properly determined that the pre-arrest delay did not violate Vance's constitutional right to a speedy trial. The State also addresses the *Barker* factors in response to Vance's contentions. First, the State concedes that the delay in this case requires consideration of the *Barker* factors. Second, regarding the reason for delay, the State contends that this factor is neutral and submits that the failure to enter the arrest warrant into the NCIC system was the result of negligence and oversight—not bad faith. Third and fourth, the State acknowledges that Vance asserted his right to a speedy trial but submits that Vance did not suffer significant prejudice from the delay.

[¶ 11] Given the parties' above arguments, we turn to our analysis of these facts under *Barker*. We first identify the "delay" problem as being over six and one-half years in length. This clearly meets the threshold of "presumptively prejudicial" requiring inquiry into the remaining factors.

[¶ 12] Moving to the second factor, this Court must closely examine the reason for the delay. Vance notes that the district court found the delay was the result of governmental negligence in failing to enter the 2004 arrest warrant into the NCIC system for six years. The State, however, contends this factor is neutral. The State submits that the failure to enter the arrest warrant into the NCIC system was the result of negligence in the nature of oversight and not as a result of bad faith. While not deliberate, the delay was the result of a failure to enter the arrest warrant into the NCIC system. Contrary to the State's argument, we do not consider this factor neutral. Although the State may not have deliberately attempted to delay Vance's trial, this factor weighs against the State because it was nevertheless negligent. While this Court has acknowledged that negligence is "more neutral" than deliberate attempts to delay in order to hamper the defense, we have maintained that negligence "should be considered

since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." *Berry v. State*, 2004 WY 81, ¶ 36, 93 P.3d 222, 232 (Wyo. 2004) (quoting *Wehr v. State*, 841 P.2d 104, 112–113 (Wyo.1992)); see also *Barker*, 92 S.Ct. at 2192. While the government's failure to pursue its warrant may have been negligent rather than intentional, that failure is attributable to, and thus weighted against, the government.

> *Barker* made it clear that "different weights [are to be] assigned to different reasons" for delay. Although negligence is obviously to be weighed more lightly than a deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun. And such is the nature of the prejudice presumed that the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, our toleration of such negligence varies inversely with its protractedness, cf. *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), and its consequent threat to the fairness of the accused's trial. Condoning prolonged and unjustifiable delays in prosecution would both penalize many defendants for the state's fault and simply encourage the government to gamble with the interests of criminal suspects assigned a low prosecutorial priority. The Government, indeed, can hardly complain too loudly, for persistent neglect in concluding a criminal prosecution indicates an uncommonly feeble interest in bringing an accused to justice; the more weight the Government attaches to securing a conviction, the harder it will try to get it.

*Doggett v. United States*, 505 U.S. 647, 657, 112 S.Ct. 2686, 2694, 120 L.Ed.2d 520 (1992) (some citations omitted).

[¶ 13] Concerning the third factor, whether Vance asserted his right to speedy trial, both parties agree that not only did he file a demand for speedy trial, he complained about the delay at his arraignment.

[¶ 14] Fourth and finally, with regard to prejudice, Vance concedes that the delay did not extend his period of pretrial confinement or magnify his pretrial anxiety, but that the district court erroneously failed to consider presumed prejudice. We agree.

[¶ 15] *Doggett* states that:

> When the Government's negligence ... causes delay six times as long as that generally sufficient to trigger judicial review, ... and when the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, ... nor persuasively rebutted, the defendant is entitled to relief.

*Id.,* 505 U.S. at 658, 112 S.Ct. at 2694 (some citations omitted).

[¶ 16] We cannot definitively distinguish *Doggett* so clearly from this case that its precepts do not apply. In *Doggett,* the authorities made efforts to arrest the defendant by going to his parents' home, and placing his name on the NCIC and a customs computer system. *Id.* 505 U.S. at 649, 112 S.Ct. at 2689. The authorities then lost track of Doggett for six years. Here, there was no attempt to arrest Vance, and his name was never placed on the NCIC. No evidence was presented at the motion hearing to show any effort to apprehend Vance.

 [¶ 17] Because the district court appears to have overlooked the question of presumptive prejudice and because no evidence was offered by the prosecution to rebut the presumption of prejudice afforded to Vance, we must conclude that the district court erred in denying Vance's motion to dismiss based upon a violation of his constitutional speedy trial right. To "rebut" the presumption of actual prejudice means that the State must "affirmatively prove[] that the delay left [the defendant's] ability to defend himself unimpaired." *Doggett,* 505 U.S. at 658, n. 4, 112 S.Ct. 2686. The State presented no such evidence here. We reverse.

## CONCLUSION

[¶ 18] We reverse the district court's order and remand for entry of an order granting Vance's motion to dismiss based upon our conclusion that his speedy trial rights were violated.